BULLVILLE MILK PRODUCERS ASSOCIATION, INC., Plaintiff, *v.* FRANK C. ARMSTRONG, Defendant.

(Supreme Court, Orange Special Term, September, 1919.)

Contracts — when not void as against public policy and in restraint of trade — associations — pleading — liquidated damages — when motion for judgment on the pleadings granted.

A contract by which a number of farmers agreed to deliver to an association engaged in the business of shipping milk and in which they are stockholders, all milk produced by them, is not void as against public policy and in restraint of trade.

Where the association on the faith of the contract erected a creamery at which one of the parties to the contract failed to deliver any milk, and he demurs to the complaint in an action to recover ten dollars per cow per year, stipulated by the contract as liquidated damages for such failure, plaintiff's motion for judgment on the pleadings will be granted with leave to defendant to answer.

Motion for judgment on the pleadings.

Watts, Oakes & Bright, for plaintiff.

Frank H. Finn (Harry T. Crist, of counsel), for defendant.

Seeger, J.  In October, 1916, certain dairymen, engaged in business in the vicinity of Bullville, met and formed a co-operative association which later resulted in the formation of a corporation in which some sixty-three farmers subscribed for shares of stock and signed an agreement to deliver all milk produced by them to the corporation, except such as they needed for stock raising and family use, and also excepting such as the subscribers might desire to dispose of at retail to families residing in the village of Bullville, and also making some exceptions in the winter time in the case of members living at a distance from the creamery who would have difficulty during that time of the year in delivering their milk. The agreement also provided that in case of the failure of any member to deliver milk as provided in the contract the delinquent should pay the said corporation at the rate of ten dollars per cow per year for such violation as long as it continued.  The said ten dollars per cow to be considered as liquidated damages and not as a penalty.

The corporation erected a creamery, but defendant has not delivered any milk to that creamery.  The plaintiff corporation has, therefore, brought this action to recover the sum of $350, being the amount of the liquidated damages for one year for defendant's alleged failure to deliver the milk from thirty-five cows.

Defendant demurred to plaintiff's complaint upon

the ground that it does not state facts sufficient to constitute a cause of action. Plaintiff moves for judgment on the pleadings, and upon the argument defendant raised two questions: *First,* that plaintiff's motion for judgment on the pleadings is not the proper procedure to obtain a determination of the issues raised by demurrer; and *second,* that the facts as stated in plaintiff's complaint are not sufficient to constitute a cause of action because the contract upon which the action is based and which is set forth at length in plaintiff's complaint is void as being against public policy and in restraint of trade.

It is well settled that a demurrer may be tested by a motion for judgment under section 547 of the Code of Civil Procedure. The plaintiff's motion is, therefore, proper. *Dahm* v. *O'Connell,* 179 App. Div. 363.

In regard to the other point raised by plaintiff, it seems to me that the agreement in question constitutes a valid and binding contract and is not void as being against public policy or in restraint of trade.

The incorporators of this association desired to engage in the business of shipping milk, and it was quite necessary that they be assured of the continued patronage of their members in order to justify the association in going to the expense of acquiring or erecting a creamery. It cannot be said that an agreement such as this would tend to restrain trade or stifle competition; on the contrary, it seems to me that it encourages competition by bringing a new creamery into being.

There are no cases cited in the defendant's brief which sustain his contention that a contract such as this one is void as being against public policy and in restraint of trade. On the other hand, my attention has been called to an unreported decision in Supreme Court, Lewis county, made by Mr. Justice

Emerson in an action brought by Castorland Milk and Cheese Company against Schantz, in which the facts are almost identical with the case at bar and in which Judge Emerson upheld the contract.

Plaintiff's motion for judgment on the pleadings should, therefore, be granted, with ten dollars costs, with leave to defendant to answer within twenty days upon payment of such costs.

Ordered accordingly.